UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAULA MIMS-BAPTISTE, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                              **NO. 23-3201**

**LOUISIANA INSURANCE**                                 **SECTION "B"(2)**
**GUARANTY ASSOCIATION**

## ORDER AND REASONS

Before the Court is a "Joint Motion for Entry of Order Dismissing Standard Mortgage Corporation" (hereinafter, "Joint Motion") **(R. Doc. 14)**, filed by Plaintiffs, Paula Mims-Baptiste and Morris Bart, LLC (collectively, the "Plaintiffs"), and Defendant, Standard Mortgage Corporation ("SMC").

Plaintiffs and SMC move this Court for entry of an order dismissing without prejudice all Plaintiffs' claims against SMC in the above-captioned matter, averring that Plaintiffs and SMC have reached an "amicable settlement agreement with regard to all" Plaintiffs' claims asserted against SMC, Rec. Doc. 13, as "part of a global settlement," Rec. Doc. 14 at 1. Plaintiffs and SMC further request that this Court's order dismissing SMC be subject to the stipulations and terms provided in their Joint Motion and proposed attached order, which were "agreed upon by" them after having "discussed this matter in full[.]" *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that all Plaintiffs' claims against SMC in the above-captioned matter are **DISMISSED without prejudice**. This Order recognizes the terms and stipulations Plaintiffs and SMC agreed upon and provided in their Joint Motion (Rec. Doc.

14), **to the extent that such terms and stipulations are valid and enforceable under applicable law.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District for the Parish of Jefferson, Louisiana for further proceedings. Title 28, United States Code, Section 1367(c)(3) provides that the "district court may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). District courts have "wide discretion" to "order a remand of state claims on the heels of a dismissal of federal claims" under 28 U.S.C. 1367(c)(2). *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir.1999) (citing *Robertson v. The Neuromedical Center*, 161 F.3d 292 (5th Cir.1998)).

By the instant Order dismissing Plaintiffs' claims against SMC, all claims which this Court has original jurisdiction of will have been dismissed. *See* Rec. Doc. 1 (asserting that the Court has subject matter jurisdiction over Plaintiffs' claims against SMC under 28 U.S.C. §§ 1442—the federal officer removal statute—and 1331—federal question). The only claim remaining is Plaintiffs' state-court claim against Defendant Louisiana Insurance Guaranty Association ("LIGA"), which is before the Court by virtue of its supplemental jurisdiction under 28 U.S.C. § 1367. *See id*. at 10 ¶ 44; *see also* Rec. Doc. 1-1. Thus, the Court has "wide discretion" to remand this action. *Guzzino*, 191 F.3d at 595 (citing *Robertson*, 161 F.3d 292 (5th Cir.1998)).

In exercising that wide discretion, however, the Supreme Court and Fifth Circuit have instructed district courts to consider the following justifications for the exercise of supplemental jurisdiction: judicial economy, convenience, and fairness to litigants. *Id*. at 594—95 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (referring to the aforementioned considerations as the *Gibbs'* test). If these considerations "are not present[,] a federal court should

hesitate to exercise [supplemental] jurisdiction over state claims," as "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id*. (quoting *Gibbs*, 383 U.S. at 726).

Here, the Court finds none of the *Gibbs'* justifications for exercising supplemental jurisdiction to exist., and thus need not needlessly make decisions concerning state law.  For example, there has not been substantial pretrial activity in this Court following removal.  *See Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302 (5th Cir. 1991) (reversing the district court's remand order in light of the substantial judicial and party resources devoted to the litigation in the federal forum).  Rather, the dismissal of Plaintiffs' claims against SMC occurred "before trial." *Guzzino*, 191 F.3d at 594 (quoting *Gibbs*, 383 U.S. at 726).  And "**[c]ertainly**," say the Supreme Court and Fifth Circuit, if the claims which the district court has original jurisdiction are dismissed "**before trial**, even though not insubstantial in a juridical sense, the state claims should be" remanded.  *Id*. (quoting *Gibbs*, 383 U.S. at 726).

Additionally, a substantially similar case before Judge Africk (involving the same party defendants and the same bases for removal) was recently remanded to the 24th Judicial District for the Parish of Jefferson, Louisiana—the same state court this matter was removed from.  *See* Order at 2, *Perez v. La. Ins. Guar. Ass'n*., No. 23-cv-5381 (E.D. La. Nov. 2, 2023), ECF. No. 15.  In that case, the *Perez* plaintiffs and SMC filed an identical joint motion to dismiss as the Plaintiffs and SMC filed in this case. *Compare* Joint Mot. for Entry of Order Dismissing Standard Mortg. Corp., *Perez*, No. 23-cv-5381, ECF No. 13, *with* Rec. Doc. 4.  After having a status conference "to discuss [the] Court's subject matter jurisdiction over" the case," Order at 1, *Perez*, No. 23-cv-5381, ECF No. 14, Judge Africk granted the joint motion to dismiss SMC, *see* Order at 1, *Perez*, No. 23-cv-5381, ECF No. 15.  Upon doing so, like in this case, the only remaining claims

were the *Perez* plaintiffs' state-court claims against LIGA; Judge Africk remanded the case. *Id.* at 1—2.  Additionally, because Plaintiffs and SMC provide in their joint motion that they reached a settlement agreement, "as part of a global settlement," Rec. Doc. 14 at 1, it is likely that other similar cases exist in this Court and may be remanded back to state court.  It would be "desirable" for the similar cases to be considered by the same court, thus "conserving judicial resources and avoiding the risk of inconsistent rulings." *Guzzino*, 191 F.3d at 595.

    For these reasons, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction.

    New Orleans, Louisiana this 6th day of November, 2023

*[signature]*

SENIOR UNITED STATES DISTRICT JUDGE